# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CLIFTON GALLIN                                            CIVIL ACTION

VERSUS                                                      No. 18-10134

TYSON FOODS, INC. ET AL                                       SECTION I

## ORDER & REASONS

Before the Court is plaintiff Clifton Gallin's ("Gallin") motion[1] to remand the above-captioned matter to the Civil District Court for the Parish of Orleans, State of Louisiana. Defendants Tyson Foods, Inc. and Tyson Sales and Distribution, Inc., (together, "Tyson"), as well as Ace American Insurance Company (collectively, the "defendants"), removed the above-captioned matter to this Court alleging diversity jurisdiction.[2] Co-defendant Terry Randall ("Randall") had not been served at the time of removal, but joined in defendants' opposition[3] to the motion to remand. For the following reasons, Gallin's motion to remand is granted.

## I.

Gallin alleges that, on or about September 20, 2017, he was driving east on Interstate 10, at or near the Interstate 610 approach, when his vehicle was struck by a freight tractor.[4] At the time of the accident, Gallin had two passengers in his car, Larren Dents ("Dents") and Daniel Clark ("Clark").[5] Gallin alleges that the tractor,

---

[1] R. Doc. No. 4.
[2] R. Doc. No. 1.
[3] R. Doc. No. 8.
[4] R. Doc. No. 1-1, at 2 ¶ III.
[5] R. Doc. No. 4, at 2 ¶ 3.

owned by Tyson, was driven by Randall and that the investigating officer determined that Randall was "in violation of improper lane use."[6]   Gallin filed his lawsuit to recover damages in the Orleans Parish Civil District Court on September 18, 2018.[7]

Gallin alleges that that his damages were caused by Randall's negligence.[8] Gallin further alleges that, at the time of the accident, Randall was operating the freight tractor in the course and scope of his employment and as an employee of Tyson.[9]   According to Gallin, Tyson allowed an "untrained, unskilled and careless driver" to operate its freight tractor and failed to properly instruct its employee on how to operate the vehicle.[10]  Finally, Gallin sued Ace American Insurance Company as the insurer of Randall and Tyson.[11]

Defendants removed Gallin's lawsuit to this Court on October 30, 2018.[12] Defendants argue that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because all of the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.[13]

On September 6, 2018, Dents and Clark filed their own lawsuit (the "*Dents* matter") in Orleans Parish Civil District Court for the injuries that they suffered in the accident with Gallin and defendants.[14]   The *Dents* matter names the same

---

[6] R. Doc. No. 1-1, at 2 ¶ III.

[7] R. Doc. No. 1-1.

[8] R. Doc. No. 1-1, at 2 ¶ V.

[9] R. Doc. No. 1-1, at 3 ¶ VI.

[10] R. Doc. No. 1-1, at 3 ¶ VIII.

[11] R. Doc. No. 1-1, at 4 ¶ XI.

[12] R. Doc. No. 1.

[13] R. Doc. No. 1, at 2–5, ¶¶ III–XVI.

[14] R. Doc. No. 4-1, at 2.

defendants as the above-captioned matter, as well as Gallin and his insurer, Esurance Insurance Company.[15]   The *Dents* matter does not have diversity of citizenship among the parties because Dents, Clark, and Gallin are Louisiana citizens.[16]   Gallin is also a cross-claimant in the *Dents* matter.[17]

Gallin filed the present motion to remand asserting that this Court should not exercise jurisdiction over this case because this matter should be consolidated with the *Dents* matter in Orleans Parish Civil District Court.[18]   Notably, Gallin does not dispute diversity of citizenship or argue that defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Defendants oppose Gallin's motion to remand arguing that complete diversity exists in this case and that it is facially apparent from Gallin's state court petition that the amount in controversy exceeds $75,000.[19]   Defendants also argue that the opportunity for consolidation with the *Dents* matter is not a proper basis for remand.

## II.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." 28 U.S.C. § 1332(a)(1).  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district

---

[15] R. Doc. No. 4-1, at 2.
[16] R. Doc. No. 4-1, at 2.
[17] R. Doc. No. 4-4.
[18] R. Doc. No. 4-1.
[19] R. Doc. No. 8.

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014).

The defendant or defendants must file a notice of removal pursuant to 28 U.S.C. § 1446. "The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and the propriety of removal." *Smith v. Bank of America Corp.*, 605 F. App'x 311, 313 (5th Cir. 2015) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Courts generally consult the state court petition to establish the amount in controversy; "[h]owever, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount." *Manguno*, 276 F.3d at 723 (citing La. Civ. Code art. 893(A)(1)). "Therefore, where, as here, the petition does not include a specific monetary demand, [defendants] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

"This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (citations omitted). Once the defendant has met his burden, the plaintiff can only defeat jurisdiction by "showing to a 'legal certainty' that

the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar*, 47 F.3d at 1412).[20] "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

If the Court finds that subject matter jurisdiction does not exist, the Court must remand the matter to state court "because subject matter jurisdiction is 'non-waivable and delimits the power of federal courts.'" *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 (5th Cir. 2005) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect.").

## III.

The Court will first address whether it has subject matter jurisdiction. The parties to do not dispute that complete diversity exists so the Court need only

---

[20] The Fifth Circuit has emphasized that this analysis is not a burden-shifting exercise. *Grant*, 290 F.3d at 869. "[R]ather, 'the plaintiff must make all information known at the time he files the complaint.'" *Id.* (quoting *De Aguilar*, 47 F.3d at 1412). A plaintiff may establish legal certainty "in various ways." *De Aguilar*, 47 F.3d at 1412. For example, "[p]laintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (quoting *De Aguilar*, 47 F.3d at 1412).

determine whether the amount in controversy exceeds $75,000, exclusive of interest and costs, to satisfy the requirements of § 1332.[21]

In accordance with state law, Gallin's state court petition does not provide for a specific dollar amount of damages.  Rather, Gallin alleges that the "sudden, unexpected, and violent blow of the collision" caused him severe and painful injuries, namely past, present, and future medical expenses; past, present, and future pain and suffering and loss of function; past, present, and future mental anguish and emotional distress; past and future lost wages and diminished earning capacity; special care and services; loss of enjoyment of life; and permanent partial disability.[22]

Defendants argue that it is facially apparent that Gallin's asserted damages exceed $75,000.[23]  "To determine whether it is facially apparent from a plaintiff's petition that the jurisdictional amount is satisfied, the Court considers both the type and extent of the injuries alleged, the types of damages requested, and the presence or absence of factual allegations sufficient to establish the requisite likelihood, rather than a mere possibility, that damages will exceed $75,000." *Maze v. Protective Ins. Co.*, No. 16-15424, at *4 (E.D. La. Jan. 17, 2017) (Engelhardt, J.).  The Court finds that Gallin's asserted damages are vague and it is not convinced that, on its face, the petition demonstrates that Gallin's claims exceed $75,000, exclusive of interest and costs.

---

[21] The parties do not raise any additional grounds for subject matter jurisdiction.

[22] R. Doc. No. 1-1, at 3–4, ¶¶ IX–X.

[23] R. Doc. No. 8, at 4–5.

Gallin's petition does not provide the type of bodily injuries he suffered or the severity of those injuries.  Moreover, Gallin's petition does not provide whether he has been treated for those injuries, let alone the extent or necessity of such treatment. *See Cain v. James River Ins. Co.*, No. 18-8171, 2018 WL 456448, at *3 (E.D. La. Sept. 24, 2018) (Africk, J.) (finding that the amount in controversy was not facially apparent from the state court petition because the petition did "not specify the type, number, nature, or severity of the injuries," nor did "it indicate that [plaintiff] ha[d] been hospitalized, underwent surgery, or ha[d] been recommended [for] any particular treatment"); *Lewis-Wallace v. Johnson*, No. 18-1299, 2018 WL 1531921, at *3 (E.D. La. Mar. 29, 2018) (Africk, J.) (finding that the amount in controversy was not facially apparent from the state court petition because the plaintiff did not "specify any *particular* injuries which [she] suffered as a result of the accident," but only provided a "typical listing of damage categories," which, "unaccompanied by pertinent factual detail," was insufficient to prove the actual monetary amount of damages to the Court (citations omitted) (alterations in original)); *Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *2 (E.D. La. Dec. 30, 2002) (Vance, J.) (granting the motion to remand and finding that the amount in controversy was not facially apparent from the complaint wherein the plaintiff alleged specific injuries and permanent disability but did not allege that his injuries required surgery or any period of hospitalization); *Vaughn v. Todd*, 71 F. Supp. 2d 570, 572 (E.D. La. 1999) (Fallon, J.) ("The petition does not state exactly what disabilities are alleged, what wages were lost or expected to be lost, or what medical expenses were incurred. Thus,

the Court finds that it is not facially apparent that plaintiffs' claims are more likely than not to exceed $75,000.").[24]

Although "the types of damages alleged by [Gallin] generally assist in establishing the amount in controversy require[d] by § 1332, such allegations alone, unaccompanied by pertinent factual detail, 'simply provide[ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages [Gallin has] or will incur.'" *Maze*, 2017 WL 164420, at *4 (alterations in original in part). Thus, the Court finds that it is not facially apparent from Gallin's petition that his alleged damages exceed $75,000, exclusive of interest and costs.

The Court must then consider whether defendants have put forth sufficient summary judgment type evidence to establish the amount in controversy by a preponderance of the evidence. Defendants have not provided the Court with any factual details of the accident or any evidence of Gallin's injuries or expenses. Without any evidence to evaluate, the Court is unable to determine whether Gallin's alleged damages exceed the requisite amount in controversy. Therefore, the Court finds that defendants have not met their burden with respect to whether Gallin's alleged damages exceed $75,000, exclusive of interest and costs.

---

[24] The Court finds that the case cited by defendants, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999), is factually distinguishable from the above-captioned matter because the plaintiff in *Luckett* alleged damages for an emergency ambulance trip and a six-day stay in the hospital.

Finding that defendants failed to satisfy this Court that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the Court declines to address the merits of Gallin's additional reasons for remand.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Gallin's motion for remand is **GRANTED** and that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, January 22, 2019.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

9